IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN RAY WILKERSON | * | |
| Petitioner | * | |
| v | * | Civil Action No. JFM-10-3485 |
| KATHLEEN S. GREEN, et al. | * | |
| Respondents | * | |

***

### MEMORANDUM

Pending is respondents' answer to the order to show cause issued in the above captioned case. ECF No. 5. Also pending is petitioner's motion for appointment of counsel. ECF No. 6. Upon review of the papers filed, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2010); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).

Under Rule 8(c) of the Federal Rules Governing § 2254 Habeas Corpus cases, "[i]f an evidentiary hearing is required the judge shall appoint counsel for a petitioner who qualifies for the appointment of counsel." Having determined that the instant case does not require an evidentiary hearing, petitioner's motion for appointment of counsel shall be denied.

### Background

Petitioner challenges his conviction for marijuana possession from the Circuit Court for Frederick County, Maryland. ECF No. 1. Petitioner was arrested on September 6, 2008, when Deputy Lewis Whitehouse of the Frederick County Sheriff's Office initiated a vehicle stop. ECF No. 5 at Ex. 5, pp. 1—2. Whitehouse was in a patrol car when the van operated by petitioner sped up and cut in front of his car without using a turn signal. Whitehouse testified that petitioner's van was "too close" to his car when he moved over into his lane and he had to let off of the accelerator in his car to avoid a possible collision. The stop was initiated and was

videotaped by the on-board camera in Whitehouse's patrol car. *Id*. During the course of a search of petitioner's car, marijuana was recovered. Additionally, it was discovered petitioner was driving on a revoked license. *Id*.

In a pre-trial suppression motion, petitioner claimed the police officer did not have proper justification to effectuate a traffic stop, making all evidence seized during the stop inadmissible. ECF No. 5 at Ex. 2, pp. 48 – 52, 54. The trial court denied the motion to suppress based on the officer's testimony, a videotape of the traffic stop, and the absence of any evidence refuting the state's position. *Id*. at pp. 54 – 55.

On March 2, 2009, petitioner was tried by a jury, found guilty, and sentenced to serve one year in prison.[1] ECF No. 5 at Ex. 2, pp. 65 – 151. In a direct appeal filed with the Maryland Court of Special Appeals, petitioner challenged the trial court's denial of the motion to suppress. *Id*. at Ex. 3 – 5. The Court of Special Appeals affirmed petitioner's conviction on June 28, 2010, finding that the Fourth Amendment was not violated in the context of the vehicle stop. *Id*. at Ex. 5. Petitioner sought no further review of the Court of Special Appeals' decision and he has not sought post-conviction review.[2]

In the instant petition, petitioner claims the state courts erred in ruling that the Fourth Amendment was not violated and did not require suppression of the evidence seized. ECF No. 1 at p. 8.

---

[1] As a result of the guilty finding, petitioner's parole on a prior burglary sentence was revoked and he was required to serve 42 months. ECF No. 5 at Ex. 2, p. 155. The two terms are concurrent. Petitioner remains imprisoned on the term of confinement consisting of the 42 month parole violation term and the one year sentence. He thus satisfies the "in custody" requirement for habeas corpus review. *See Peyton v. Rowe*, 391 U.S. 54, 67 (1968) (prisoner serving consecutive sentences is in custody under any one of them for purposes of habeas review); *Garlotte v. Fordice*, 515 U.S. 39, 46 (1995) (consecutive sentences are viewed in the aggregate for purposes of "in custody" requirement); *Bernard v. Garaghty*, 934 F. 2d 52, 54 (4th Cir. 1991) (same).

[2] Petitioner claims he filed a petition for writ of habeas corpus on September 3, 2010, but as of December 7, 2010 had not received a response from the Circuit Court. ECF No. 1 at p. 8. An online search of the Maryland Judiciary Case Search website reveals no pending habeas corpus petitions filed by petitioner.

## Threshold Considerations

### Exhaustion of State Remedies

Under *Rose v. Lundy*, 455 U.S. 509 (1982), before a petitioner may seek habeas relief in federal court, he must have exhausted each claim presented to the federal court by pursuing remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. 28 U.S.C. § 2254(b) and (c). In Maryland, this may be accomplished by proceeding with certain claims on direct appeal (and thereafter seeking *certiorari* to the Court of Appeals), and with other claims by way of a post-conviction petition, followed by seeking leave to appeal in the Court of Special Appeals.

Although petitioner has not raised the claim asserted in this case with all appropriate courts, he no longer has any state direct appeal or collateral review remedies available to him with respect to the claim raised here. Thus, the claim is considered exhausted for the purpose of federal habeas corpus review.

### Statute of Limitations

Respondents do not contend -- and the court does not find -- that the petition is time-barred pursuant to 28 U.S.C. §2244(d).

## Standard of Review

Because the petition was filed after April 24, 1996, it must be evaluated pursuant to amendments to the habeas corpus statutes contained in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (codified in scattered sections of 28 U.S.C.).[3]

---

[3] *See Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998).

Under AEDPA, federal courts are no longer authorized to correct mere error in state court proceedings, but must instead exercise the more limited review set forth in Section 2254(d). That section provides that

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) & (2) (as amended). In reviewing petitioner's attack on his state court conviction, this court presumes that the state court's factual determinations are correct. Petitioner bears the burden of rebutting this presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

In *Williams v. Taylor*, 529 U.S. 362 (2000), Justice O'Connor observed that:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 412-13. The Court noted that "the phrase 'clearly established Federal law, as determined by the Supreme Court of the United States' . . . refers to the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision." *Id*. "[A] federal

4

habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. With these standards in mind, this court addresses the claims now before it.

## Procedural Default

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U. S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U. S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U. S. 41, 46 (1972) (failure to raise claim during post conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is actually innocent.[4] *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id*. (quoting *Murray*, 477 U.S. at 488). Even where a petitioner fails to show cause and

---

[4] Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray v. Carrier*, 477 U.S. at 496. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id*.; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006). The actual innocence claim is not raised in the case sub judice.

prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U. S. 298, 314 (1995).

It is clear petitioner's claim is procedurally defaulted due to his failure to pursue certiorari review in the Maryland Court of Appeals following the denial of his direct appeal. He has offered no cause for the default and, for reasons set forth more fully below, this court does not find that the merits of petitioner's claim should be considered in order to prevent a fundamental miscarriage of justice. The trial court's decision to deny the motion to suppress was made based on a first-hand viewing of the video-tape of the stop. ECF No. 5 at Ex. 2, pp. 54 – 55. The court noted that there was no turn signal visible on the tape, and the officer testified that petitioner's car was too close to his when he moved into the lane in front of him. *Id*. Based solely on the lack of a turn signal, the trial court stated a stop of petitioner's car was supported by probable cause. *Id*. The Court of Special Appeals decision rejecting petitioner's Fourth Amendment claim was based on its analysis that:

> the only evidence introduced at the suppression hearing was the testimony of Deputy Whitehouse and the videotape of the traffic stop. Deputy Whitehouse testified that he "did not observe a signal of any kind for a lane change." This testimony was not contradicted by the videotape, which does not conclusively demonstrate that the apellant's turn signal was activated at the time of the lane change. In fact, the videotape content is more consistent with the appellant's applying his brakes than with his using the turn signal.

ECF No. 5 at Ex. 5, p. 6. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131






<-10> </-10>
<-10>
</-10>
<-10> </-10>
<-10> </-10>

<-10>
</-10>

<-10> </-10>

<-10>
</-10>

<-10>
</-10>

<-10> </-10>

<-10>
</-10>

<-10> </-10>

<-10>
</-10>

<-10> </-10>

<-10>
</-10>

<-10> </-10>

<-10>
</-10>

<-10> </-10>

<-10>
</-10>

<-10>
</-10>

<-10>
</-10>

<-10> </-10>

S.Ct. 770, 786 -787 (2011). The burden can not be met in this case. The decisions rejecting petitioner's motion to suppress were based on the evidence and legally sound.

Even if a flaw could be found in the state courts' reasoning or petitioner could establish cause for the default, federal habeas relief on a Fourth Amendment exclusionary rule claim is unavailable.[5] As observed by the Supreme Court, the purpose of excluding evidence obtained in violation of the Fourth Amendment is to deter misconduct of law enforcement officers conducting the searches. *See Stone v. Powell*, 428 U.S. 465, 490—492 (1976). Providing an additional avenue for exclusion of evidence through federal habeas relief is unlikely to deter misconduct; thus, the proper focus is on whether or not the Fourth Amendment claim was given full and fair consideration in the state courts below. *Id.* In the instant case petitioner received a full hearing on his motion to suppress the evidence where he was represented by counsel. Accordingly, there is no basis presented for federal habeas relief and the petition must be denied.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied. *See* 28 U. S.C.§ 2253(c)(2).

| <u>   March 22, 2011   </u> | <u>      /s/                              </u> |
|---|---|
| Date | J. Frederick Motz |
| | United States District Judge |

---

[5] In light of the unavailability of federal habeas relief on the only claime raised, petitioner was not offered an opportunity to respond to the allegation that his claim was procedurally defaulted.